IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO.: 2:21-cr-367-RAH |
| | ) |
| ANDRE RUSHAWN SALTER | ) |

**ORDER**

A final revocation hearing is currently set for December 16, 2025. On December 8, 2025, the Government and Defendant Andre Rushawn Salter filed the Joint Motion to Impose Judgment and Waiver of Final Revocation Hearing. (Doc. 55.) Defendant Salter expressly waived the right to a final hearing. (*Id.*)

The parties agree that the violations alleged in the October 17, 2024, Petition for Revocation of Supervised Release (Doc. 48) amount to a Grade C violation and that the applicable criminal history category is V. The applicable guideline range is therefore 7-13 months. U.S. Sentencing Guidelines Manual § 7B1.4. They further agree that the nature and circumstances of the violation and the history and characteristics of Defendant Salter warrant a sentence of 6 months of incarceration with no supervised release to follow.[1] For the following reasons, the Court will accept the parties' agreement, grant the revocation petition (Doc. 48), revoke

---

[1] The parties agree that a downward variance is appropriate because Salter was incarcerated in the Covington County Jail on a charge related to his failure to pay child support prior to arriving in USMS custody on or around October 21, 2024.

Defendant Salter's term of supervision, and sentence him to 6 months of incarceration with no additional term of supervised release.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under the Rule, Defendant Salter is entitled to "(A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2). The rule also provides that revocation hearings can be waived by a defendant: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2) (emphasis added). *See also United States v. Jones*, 798 F. App'x 494, 496-97 (11th Cir. 2020) (explaining that "[t]he Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing" based on the federal rule). Given this rule, the Court is satisfied that Defendant Salter's waiver is sufficient for this Court to proceed without a revocation hearing.

Accordingly, it is

ORDERED as follows:

1. To the extent Defendant Salter requests the cancellation of the revocation hearing, the Joint Motion (Doc. 55) is GRANTED;

2. The revocation hearing set for December 16, 2025, is CANCELLED;

3. The Court accepts the parties' agreement as set forth in the Joint Motion (Doc. 55) and Defendant Salter's waiver of his right to a final revocation hearing (*Id.*);

4. Based on Defendant Salter's plea of guilty as to Violations 1, 2, 3 and 4, the Court finds that Defendant Salter violated special conditions of the terms of supervised release, specifically that he should refrain from using a controlled substance (Doc. 46, Violation 1), participate in a drug treatment program (Violation 2), reside in a place approved by the probation officer (Violation 3), and notify the officer of any change in employment (Violation 4).

5. The Petition to Revoke Supervised Release (Doc. 46) is GRANTED;

6. The Court finds that the violations amount to a Grade C violation in the U.S. Sentencing Guidelines, that Defendant Salter's criminal history category is V, and that the guideline range for imprisonment is 7 to 13 months;

7. Having considered and consulted the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' agreement, **it is the judgment**

**of the Court that Defendant Salter is committed to the custody of the Federal Bureau of Prisons to be imprisoned for 6 months. Upon release from imprisonment, there will be no term of supervised release.**

8. The Court understands that Defendant Salter is already in the custody of the U.S. Marshal Service.

DONE, on this the 10th day of December 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE